UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-10597-CAS(CWx) | Date | March 21, 2013 |
|---|---|---|---|
| Title | RUTH ROSENBURG V. BANK OF AMERICA, N.A., ET AL | | |

| Present: The Honorable | CHRISTINA A. SNYDER | | |
|---|---|---|---|
| Catherine Jeang | Not Present | N/A |
| deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants |
|---|---|
| Not Present | Not Present |

**Proceedings:**   (IN CHAMBERS): DEFENDANTS' MOTION TO DISMISS CASE (filed April 11, 2012, Docket # 14)

## I.   INTRODUCTION

Plaintiff filed this case on November 3, 2011 in Los Angeles Superior Court. On December 22, 2011, defendants removed the case to this Court. Defendants filed a motion to dismiss plaintiff's complaint on February 9, 2012, which the Court granted on March 26, 2012. Plaintiff then filed a first amended complaint ("FAC") on March 26, 2012. Plaintiff's first amended complaint alleges four claims for relief: (1) fraud, (2) breach of contract, (3) breach of covenant of good faith and fair dealing, and (4) slander of title.

Defendants filed a motion to dismiss on April 11, 2012. Plaintiff did not timely oppose the motion, and it was granted with prejudice on May 15, 2012. On August 15, 2012, plaintiff moved to set aside the dismissal with prejudice, and by order dated October 10, 2012, the Court granted plaintiff's request because it does not appear that counsel for plaintiff received notice of defendants' motion to dismiss the first amended complaint. Therefore, on October 22, 2012, plaintiff filed an opposition to defendants' April 11, 2012 motion to dismiss. On October 25, 2012, defendants filed a reply. After considering the parties' arguments, the Court finds and concludes as follows.

## II.   BACKGROUND

Plaintiff's FAC makes the following allegations. Plaintiff owns and resides at 5351 Bindewald Road, Torrance, California 90505 (the "Property"). FAC ¶¶ 9 – 10. In June 2006, plaintiff refinanced the Property with non-party Homecomings Financial

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-10597-CAS(CWx) | Date | March 21, 2013 |
|---|---|---|---|
| Title | RUTH ROSENBURG V. BANK OF AMERICA, N.A., ET AL | | |

Network, Inc. ("Homecomings"), in the amount of $1,000,000. Id. ¶ 11. As part of this refinancing, Homecoming established an escrow account for purposes of paying taxes on the Property. Id. ¶ 12. Subsequently, in 2009, plaintiff's loan was acquired by Countrywide Home Loans, and then by Bank of America. Id. ¶ 14.

In August 2009, plaintiff approached defendants to request a loan modification to lower her interest rate and permit her to make interest only payments. Id. ¶ 15. On September 4, 2009, plaintiff went to "her local [Bank of America] branch" and executed a Loan Modification Agreement for the Property. ¶ 16. At the time she sought to refinance her loan, her balance was $1,074,000.[1] Id. ¶ 19. Plaintiff alleges that in connection with her loan modification, Bank of America orally promised to set up an escrow account for paying property taxes on the Property. Id. ¶ 20, 42 – 43.

Plaintiff alleges that on December 12, 2009, defendants increased her loan balance from $1,074,000 to $1,173,000 without justification, labeling this increase a "principal adjustment." Id. ¶ 23. Additionally, at some point after executing the Loan Modification Agreement, plaintiff learned that defendants had not set up an escrow account for payment of property taxes. Id. ¶ 24. Plaintiff alleges that because there was no escrow account for payment of property taxes, her monthly loan payments were diverted to pay property taxes and not applied to reduce the principal or interest on her loan. Id. ¶ 24. Plaintiff alleges that defendants' failure to set up an escrow account on her behalf caused her loan to appear as if it were in default. Id. ¶ 25.

## III. LEGAL STANDARD

### A. Rule 12(b)(6)

A Rule 12(b)(6) motion tests the legal sufficiency of the claims asserted in a complaint. "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his

---

[1] Plaintiff explains that her outstanding balance was higher in September 2009 than it was in June 2006 because under the terms of her loan, her interest rate increased over time, and the amount she owed increased despite the fact that she made "most of her payments." FAC ¶ 13.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-10597-CAS(CWx) | Date | March 21, 2013 |
|---|---|---|---|
| Title | RUTH ROSENBURG V. BANK OF AMERICA, N.A., ET AL | | |

'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). "[F]actual allegations must be enough to raise a right to relief above the speculative level." Id.

In considering a motion pursuant to Rule 12(b)(6), a court must accept as true all material allegations in the complaint, as well as all reasonable inferences to be drawn from them. Pareto v. F.D.I.C., 139 F.3d 696, 699 (9th Cir. 1998). The complaint must be read in the light most favorable to the nonmoving party. Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001); Parks Sch. of Bus., Inc. v. Symington, 51 F.3d 1480, 1484 (9th Cir. 1995). However, "[i]n keeping with these principles a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." Ashcroft v. Iqbal, 556 U.S. 662, 129 S.Ct. 1937, 1950 (2009); Moss v. United States Secret Service, 572 F.3d 962, 969 (9th Cir. 2009) ("[F]or a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief.") (citing Twombly and Iqbal); Sprewell, 266 F.3d at 988; W. Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981). Ultimately, "[d]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, 129 S.Ct. at 1950.

Furthermore, unless a court converts a Rule 12(b)(6) motion into a motion for summary judgment, a court cannot consider material outside of the complaint (e.g., facts presented in briefs, affidavits, or discovery materials). In re American Cont'l Corp./Lincoln Sav. & Loan Sec. Litig., 102 F.3d 1524, 1537 (9th Cir. 1996), rev'd on other grounds sub nom Lexecon, Inc. v. Milberg Weiss Bershad Hynes & Lerach, 523 U.S. 26 (1998). A court may, however, consider exhibits submitted with or alleged in the complaint and matters that may be judicially noticed pursuant to Federal Rule of Evidence 201. In re Silicon Graphics Inc. Sec. Litig., 183 F.3d 970, 986 (9th Cir. 1999); Lee v. City of Los Angeles, 250 F.3d 668, 689 (9th Cir. 2001).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-10597-CAS(CWx) | Date | March 21, 2013 |
|---|---|---|---|
| Title | RUTH ROSENBURG V. BANK OF AMERICA, N.A., ET AL | | |

For all of these reasons, it is only under extraordinary circumstances that dismissal is proper under Rule 12(b)(6). United States v. City of Redwood City, 640 F.2d 963, 966 (9th Cir. 1981).

As a general rule, leave to amend a complaint which has been dismissed should be freely granted. Fed. R. Civ. P. 15(a). However, leave to amend may be denied when "the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." Schreiber Distrib. Co. v. Serv-Well Furniture Co., 806 F.2d 1393, 1401 (9th Cir. 1986); see Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000).

**B.    Rule 9(b)**

Federal Rule of Civil Procedure 9(b) requires that the circumstances constituting a claim for fraud be pled with particularity. Federal Rule of Civil Procedure 9(b) applies not just where a complaint specifically alleges fraud as an essential element of a claim, but also where the claim is "grounded in fraud" or "[sounds] in fraud." Vess v. Ciba-Geigy Corp. U.S.A., 317 F.3d 1097, 1103–04 (9th Cir. 2003). A claim is said to be "grounded in fraud" or "'sounds in fraud'" where a plaintiff alleges that defendant engaged in fraudulent conduct and relies on solely on that conduct to prove a claim. Id. "In that event, . . . the pleading of that claim as a whole must satisfy the particularity requirement of [Fed. R. Civ. P.] 9(b)." Id. However, where a plaintiff alleges claims grounded in fraudulent and non fraudulent conduct, only the allegations of fraud are subject to heightened pleading requirements. Id. at 1104.

A pleading is sufficient under Fed. R. Civ. P. 9(b) if it "[identifies] the circumstances constituting fraud so that the defendant can prepare an adequate answer from the allegations." Walling v. Beverly Enters., 476 F.2d 393, 397 (9th Cir. 1973). This requires that a false statement must be alleged, and that "circumstances indicating falseness" must be set forth. In re GlenFed Sec. Litig., 42 F.3d 1541, 1548 (9th Cir. 1994). Thus, Rule 9(b) requires a plaintiff to "identify the 'who, what, when, where and how of the misconduct charged,' as well as 'what is false or misleading about [the purportedly fraudulent conduct], and why it is false." Cafasso, ex rel. United States v. Gen. Dynamics C4 Sys., Inc., 637 F.3d 1047, 1055 (9th Cir. 2011) (quoting Ebeid ex rel. United States v. Lungwitz, 616 F.3d 993, 998 (9th Cir. 2010)).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-10597-CAS(CWx) | Date | March 21, 2013 |
|---|---|---|---|
| Title | RUTH ROSENBURG V. BANK OF AMERICA, N.A., ET AL | | |

**IV.  ANALYSIS**

    **A.  Plaintiff's Claim for Fraud**

Defendants argue that plaintiff fails to allege fraud with the specificity required by Federal Rule of Civil Procedure 9(b). In particular, defendants argue that plaintiff fails to allege the names of the employees who made the allegedly false statements to plaintiff, fails to allege in which branch of Bank of America the fraud occurred, and does not specify the positions or titles of the employees who allegedly made the false statements.

In response, plaintiff argues that Rule 9(b) does not require her to name the specific individuals who made the false statements and the location where the false statements were made because identification by description is sufficient. Plaintiff relies on Odom v. Microsoft Corp., 486 F.3d 541 (9th Cir. 2007) for this position.

The Court finds that plaintiff has failed to allege fraud with specificity. Not only has plaintiff failed to name the Bank of America employees who allegedly made false statements, but she has not provided a description that identifies the employees by title, position, or even the location where they worked. Instead, plaintiff's complaint alleges that the misrepresentations were made by "employees on staff at Plaintiff's local branch office" or "agents and employees of Bank of America." FAC ¶¶ 18, 30. This pleading fails to identify "the circumstances constituting fraud so that the defendant can prepare an adequate answer from the allegations." Walling v. Beverly Enters., 476 F.2d 393, 397 (9th Cir. 1973).

Odom v. Microsoft Corp., relied upon by plaintiff, is readily distinguishable. In Odom, the plaintiffs sued Best Buy for fraud arising out of the purchase of a cell phone and computer at specifically identified Best Buy stores, but failed to allege the names of the cash register employees who completed the allegedly fraudulent transactions. Odom, 486 F.3d at 554. The Ninth Circuit held that the complaint nonetheless was consistent with Rule 9(b) because it is "unrealistic" to expect a retail customer to remember the name of a cashier in apparently routine sales, and because the relevant facts had been set out with enough particularity to allow the defendants to prepare an adequate answer. Id. at 555. As explained above, this case is not comparable because the pleading fails to provide enough information to adequately identify which employees made the alleged

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-10597-CAS(CWx) | Date | March 21, 2013 |
|---|---|---|---|
| Title | RUTH ROSENBURG V. BANK OF AMERICA, N.A., ET AL | | |

false statements, and hence <u>Odom</u> does not require a different result. Therefore, plaintiff's claim for fraud is dismissed.

### B. Plaintiff's Claims for Breach of Contract and Breach of the Implied Covenant of Good Faith and Fair Dealing

Plaintiff alleges two breaches of contract.[2] First, plaintiff alleges that plaintiff breached the Loan Modification Agreement by increasing her balance by roughly $99,000 in a "principal adjustment." Second, plaintiff alleges that defendants breached the oral contract to establish an escrow account for payment of property taxes by never setting up such an account.

Defendants argue that plaintiff's breach of contract claim fails because it is contradicted by the language of her written Loan Modification Agreement – which is attached to plaintiff's complaint – and therefore barred by the parol evidence rule. Defendants argue that this document establishes that the amount of plaintiff's loan was $1,173,184.44, not the $1,074,000 she alleges. Defendants also argue that Loan Modification Agreement shows that there was never an oral agreement to set up an escrow account. To reach this conclusion, defendants first point out that the Loan Modification Agreement modified plaintiff's earlier refinancing with Homecomings, and this earlier refinancing set up an escrow account. Defendants then claim that, even though plaintiff did not allege as much, plaintiff's earlier refinancing was in the form of a note secured by a deed of trust. Defendants therefore conclude that the Loan Modification Agreement contradicts any alleged oral agreement to set up an escrow account because such an agreement would modify plaintiff's earlier refinancing, but the Loan Modification Agreement contains a clause stating that "[e]xcept as otherwise specifically provided in this Agreement, the Note and Security Instrument will remain unchanged." FAC Ex. A ¶ 4.

Plaintiff argues that her breach of contract claims are not barred by the parol evidence rule because the Loan Modification Agreement does not contain an integration

---

[2] Plaintiff's claim for breach of the implied covenant of good faith and fair dealing is based on the same allegations and theory of relief as her claim for breach of contract, so the same analysis is applicable to both claims.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-10597-CAS(CWx) | Date | March 21, 2013 |
|---|---|---|---|
| Title | RUTH ROSENBURG V. BANK OF AMERICA, N.A., ET AL | | |

clause and was not intended to be the complete agreement between the parties. Also, plaintiff argues that the oral contract she alleges does not contradict the terms of the Loan Modification Agreement.

The Court finds that plaintiff's claims should be dismissed. Plaintiff's claim that the initial balance of her loan with defendants was $1,074,000 is contradicted by the plain language of the Loan Modification Agreement attached to her complaint, which lists the amount payable under plaintiff's note as $1,173,180.44. FAC Ex. A ¶ 1. Additionally, paragraph four of the Loan Modification Agreement makes clear that it was intended to be the final expression of the parties' agreement regarding modifications to plaintiff's note. Therefore, under California's parol evidence rule, plaintiff is barred from alleging the existence of an inconsistent oral agreement. Cal. Code Civ. Proc. § 1856.[3]

In contrast, plaintiff's alleged oral contract to set up an escrow account is not contradicted by the Loan Modification Agreement or any other writing alleged in the complaint. Defendants argument to the contrary fails because while the Loan Modification Agreement does state that is contains an exhaustive statement of the changes the parties intended to make to plaintiff's note and security agreement, nothing in the pleadings establishes that plaintiff's alleged oral contract to set up an escrow account was meant to be a modification of plaintiff's note or security agreement. Moreover, the Loan Modification Agreement does not have an integration clause. Therefore, since nothing in the parties' written agreement establishes that it was the final expression of the agreement between the parties, the parol evidence rule does not bar plaintiff's claim for breach of an oral contract to set up an escrow account. See, e.g., Post v. Palpar, Inc., 184 Cal. App. 2d 676, 681 (parol evidence rule does not prevent a

---

[3] Plaintiff alleges that she believed that any information in the Loan Modification Agreement contrary to her expectation that her loan would be for $1,074,000 was a "mere clerical error" that would be corrected after she signed the document. Plaintiff does not allege, however, that defendants' employees assured her that the amount stated on the Loan Modification Agreement was a clerical error. Plaintiff's private, subjective belief that such an error occurred is not sufficient to allege a "mistake or imperfection of the writing" that would render the parol evidence rule inapplicable. See Cal. Civ. Code § 1856(e).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-10597-CAS(CWx) | Date | March 21, 2013 |
|---|---|---|---|
| Title | RUTH ROSENBURG V. BANK OF AMERICA, N.A., ET AL | | |

party from proving "the existence of a separate oral agreement as to any matter on which [a] document is silent and which is not inconsistent with its terms.").

Even though plaintiff's claim for breach of an oral contract to set up an escrow account is not barred by the parol evidence rule, it should be dismissed because any alleged breach of this agreement is not related to plaintiff's harm in any cognizable way. Plaintiff alleges that she was harmed by the breach of this agreement when defendants "wrongfully charg[ed] the property taxes due on the Property against Plaintiff's principal account." FAC ¶ 45. However, because plaintiff has not alleged how the escrow account was to be financed, it is unclear why charging property taxes against plaintiff's principal account breached the alleged agreement to set up an escrow account. Presumably, applying plaintiff's loan payments for payment of property taxes could breach another agreement between the parties, but if so, plaintiff has not explained which agreement has been so breached. Therefore, since plaintiff has failed to allege that any damages were caused by a breach of the agreement to set up an escrow account, plaintiff's claim for breach of an agreement to set up an escrow account must be dismissed. Plaintiff will be granted leave to amend, however, in order to allege facts explaining a relationship between plaintiff's harm and the alleged breach of the oral contract to set up an escrow account.

**C.    Plaintiff's Claim for Slander of Title**

Plaintiff's fourth claim for relief alleges slander of title based on defendants' publication and recording of the deed of trust for the property. Plaintiff's opposition further explains that this cause of action arises out of defendants' threatened foreclosure on the Property.

Defendants reply that this claim fails because the performance of non-judicial foreclosure procedures is privileged under California law. The Court agrees. Slander of title "occurs when a person, without a privilege to do so, publishes a false statement that disparages title to property and causes pecuniary loss." Truck Ins. Exch. v. Bennett, 53 Cal. App. 4th 75, 84 (Cal. App. 2d 1997). Under California Civil Code § 2924, "the statutorily required mailing, publication, and delivery of notices in nonjudicial foreclosure, and the performance of statutory nonjudicial foreclosure procedures, to be privileged communications under the qualified common-interest privilege." Kachlon v. Markowitz, 168 Cal. App. 4th 316, 333 (Cal. App. 2d 2008); Cal. Civ. Code § 47. It

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-10597-CAS(CWx) | Date | March 21, 2013 |
|---|---|---|---|
| Title | RUTH ROSENBURG V. BANK OF AMERICA, N.A., ET AL | | |

follows that plaintiff's claim for slander of title must be dismissed. <u>Kachlon</u>, 168 Cal. App. 4th at 333.

### V. CONCLUSION

In accordance with the foregoing, defendants' motion to dismiss is hereby GRANTED. Plaintiff's claims for fraud and slander of title are hereby DISMISSED WITH PREJUDICE. Additionally, plaintiff's claims for breach of contract and breach of the implied covenant of good faith and fair dealing arising out of the $99,000 "principal adjustment" are hereby DISMISSED WITH PREJUDICE. Plaintiff's claim for breach of contract and breach of the implied covenant of good faith and fair dealing arising out of the application of her loan payments to her property taxes is hereby DISMISSED WITHOUT PREJUDICE. Plaintiff may file an amended pleading by **April 22, 2013** correcting the deficiencies noted herein.

IT IS SO ORDERED.

| | 00 | : | 00 |
|---|---|---|---|
| Initials of Preparer | | CMJ | |