UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

'O'

## CIVIL MINUTES - GENERAL

JS-5

| Case No. | CV 11-10597 CAS (CWx) | Date | December 23, 2013 |
|---|---|---|---|
| Title | RUTH ROSENBURG V. BANK OF AMERICA, N.A., ET AL | | |

| Present: The Honorable | CHRISTINA A. SNYDER | | |
|---|---|---|---|
| Catherine Jeang | Not Present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants |
|---|---|
| Not Present | Not Present |

**Proceedings:**   (IN CHAMBERS): PLAINTIFF'S EX PARTE APPLICATION FOR A TEMPORARY RESTRAINING ORDER (Dkt. 38, filed December 19, 2013)

Plaintiff filed this case on November 3, 2011, in Los Angeles Superior Court. On December 22, 2011, defendants removed the case to this Court. Defendants filed a motion to dismiss plaintiff's complaint on February 9, 2012, which the Court granted on March 26, 2012. Plaintiff then filed a first amended complaint ("FAC") on March 26, 2012. Plaintiff principally complains that defendants did not comply with the terms of a mortgage modification agreement between plaintiff and defendants. Plaintiff's first amended complaint alleged four claims for relief: (1) fraud, (2) breach of contract, (3) breach of covenant of good faith and fair dealing, and (4) slander of title.

On March 21, 2013, the Court dismissed plaintiff's first amended complaint. Dkt. 32. The Court dismissed plaintiff's claims for fraud and slander with prejudice. Similarly, the Court dismissed plaintiff's claims for breach of contract and breach of covenant of good faith and fair dealing with prejudice as they pertained to defendants' alleged breach of the written loan modification agreement. However, the Court gave plaintiff leave to amend her claims for breach of contract and breach of covenant of good faith and fair dealing as they pertained to defendants' alleged breach of a separate oral agreement to fund an escrow account for the purpose of paying property taxes on the property. No amended complaint was filed, however, and on June 5, 2013, the Court entered judgment in favor of defendants. Dkt. 36.

On December 19, 2013, plaintiff, now represented by new counsel, filed an ex parte application for a temporary restraining order ("TRO"). Plaintiff avers that her previous counsel negligently allowed the case to be dismissed, and seeks to enjoin

UNITED STATES DISTRICT COURT  'O'
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**  JS-5

| Case No. | CV 11-10597 CAS (CWx) | Date | December 23, 2013 |
|---|---|---|---|
| Title | RUTH ROSENBURG V. BANK OF AMERICA, N.A., ET AL | | |

defendants from selling her house at a trustee's sale currently scheduled for January 9, 2014. On December 20, 2013, defendants filed their opposition.

 After reviewing the parties' arguments, the Court concludes that plaintiff's application for a TRO should be denied at this juncture. As defendants point out, judgment was entered on June 5, 2013, and there is currently no operative complaint. As such, this Court lacks jurisdiction to enter a temporary restraining order. See Stewart v. U.S. I.N.S., 762 F.2d 193, 199 (2d Cir. 1985). And even if this Court were to construe plaintiff's ex parte application as a motion to vacate the judgment pursuant to Fed. R. Civ. P. 60(b), plaintiff has not filed a proposed amended complaint. Without a proposed amended complaint, the Court is unable to determined whether, were the judgment to be vacated, plaintiff would be likely to succeed on the merits of her claim, as required for entry of a TRO. See, e.g., Carbajal v. Seventh Judicial Dist., 2012 U.S. Dist. LEXIS 133669, *5 (D. Colo. Sept. 19, 2012) ("Absent an operative complaint, it is not possible to determine whether or not the plaintiff has any likelihood of success on a claim on which his request for a temporary restraining order is based.").

 In accordance with the foregoing, the Court DENIES plaintiff's ex parte application for a TRO without prejudice. The case is hereby provisionally reopened for purposes of allowing the plaintiff to file a proposed amended complaint. Plaintiff is directed to file a proposed amended complaint on or before **January 2, 2014.** Thereafter, the Court will take this matter under submission.

 IT IS SO ORDERED.

|  | 00 : 00 |
|---|---|
| Initials of Preparer | CMJ |