UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV11-10597-CAS (CWx) | Date | January 7, 2014 |
|---|---|---|---|
| Title | RUTH ROSENBURG V. BANK OF AMERICA, N.A., ET AL | | |

| Present: The Honorable | CHRISTINA A. SNYDER | | |
|---|---|---|---|
| Catherine Jeang | Not Present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants |
|---|---|
| Not Present | Not Present |

**Proceedings:** (IN CHAMBERS): PLAINTIFF'S EX PARTE APPLICATION FOR A TEMPORARY RESTRAINING ORDER (Dkt. 38, filed December 19, 2013)

     Plaintiff filed this case on November 3, 2011, in Los Angeles County Superior Court. On December 22, 2011, defendants removed the case to this Court. Defendants filed a motion to dismiss plaintiff's complaint on February 9, 2012, which the Court granted on March 26, 2012. Plaintiff then filed a first amended complaint ("FAC") on March 26, 2012. Plaintiff principally complains that defendants did not comply with the terms of a mortgage modification agreement between plaintiff and defendants. Plaintiff's first amended complaint alleged four claims for relief: (1) fraud, (2) breach of contract, (3) breach of covenant of good faith and fair dealing, and (4) slander of title.

     On March 21, 2013, the Court dismissed plaintiff's first amended complaint. Dkt. 32. The Court dismissed plaintiff's claims for fraud and slander with prejudice. Similarly, the Court dismissed with prejudice plaintiff's claims for breach of contract and breach of covenant of good faith and fair dealing as they pertained to defendants' alleged breach of the written loan modification agreement. However, the Court gave plaintiff leave to amend her claims for breach of contract and breach of the covenant of good faith and fair dealing as they pertained to defendants' alleged breach of a separate oral agreement to fund an escrow account for the purpose of paying property taxes on the property. No amended complaint was filed, however, and on June 5, 2013, the Court entered judgment in favor of defendants. Dkt. 36.

     On December 19, 2013, plaintiff, now represented by new counsel, filed an ex parte application for a temporary restraining order ("TRO"). Plaintiff avers that her previous counsel negligently allowed the case to be dismissed, and seeks to enjoin

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV11-10597-CAS (CWx) | Date | January 7, 2014 |
|---|---|---|---|
| Title | RUTH ROSENBURG V. BANK OF AMERICA, N.A., ET AL | | |

defendants from selling her house at a trustee's sale currently scheduled for January 9, 2014.  On December 20, 2013, defendants filed their opposition.

On December 23, 2013, the Court denied plaintiff's ex parte application without prejudice.  The Court concluded that, even if the Court were to construe plaintiff's application for a TRO as a motion to vacate the judgment pursuant to Fed R. Civ. P. 60, plaintiff had not filed a proposed amended complaint.  Without a proposed pleading, the Court could not evaluate whether plaintiff would be likely to succeed on the merits of her claim, as required for entry of a TRO.  As such, the Court denied plaintiff's ex parte application, and directed plaintiff to file a proposed amended complaint on or before January 2, 2014.

On January 2, 2014, plaintiff lodged with the Court her proposed second amended complaint ("proposed SAC").  After reviewing this proposed pleading, the Court concludes that, even if the Court were to vacate the judgment, plaintiff would not be entitled to the entry of a TRO.  Specifically, plaintiff's proposed SAC asserts a single claim for breach of contract.  In brief, plaintiff alleges that, when she entered into a mortgage modification agreement with Bank of America, the agreement increased her mortgage principal by $98,520.00.  Proposed SAC ¶ 20.  Plaintiff further alleges that, pursuant to a separate oral agreement between her and BOA, a portion of this $98,520.00 was to be deposited into plaintiff's escrow account to pay past-due property taxes.  The proposed SAC is ambiguous on the exact amount that was to be deposited into the escrow account, but it appears to be approximately $25,000.  Id. ¶ 14.  Plaintiff contends that Bank of America failed to fund the escrow account, and that as a result, she received a negative balance on the escrow account.  Id. ¶ 20.  When plaintiff subsequently made her regular mortgage payments to Bank of America, a portion of those payments were diverted to cover the negative balance on the escrow account; as a result, plaintiff alleges that she fell behind on her regular payment obligations under the modified mortgage.  Id. ¶ 21.

Even if the Court were to accept all of these allegations as true, however, plaintiff is at most alleging a failure to fund the escrow account in the amount of approximately $25,000.  It appears from plaintiff's proposed SAC, however, that plaintiff is $143,000 behind on her mortgage payments.  Id. ¶ 35.  Because this past-due balance is significantly greater than the allegedly unfunded escrow payment, plaintiff cannot establish that defendants' allege breach of the oral agreement to fund the escrow account

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV11-10597-CAS (CWx) | Date | January 7, 2014 |
|---|---|---|---|
| Title | RUTH ROSENBURG V. BANK OF AMERICA, N.A., ET AL | | |

led to her falling behind on her mortgage payments.  Put differently, plaintiff has not alleged a causal connection between the alleged breach of contract and the pending foreclosure.  The Court thus concludes that the plaintiff has not shown likelihood of success on the merits of her claim.  As such, the Court DENIES plaintiff's ex parte application for a TRO.

IT IS SO ORDERED.

|  |  | 00 | : | 00 |
|---|---|---|---|---|
|  | Initials of Preparer | | CMJ | |